1   Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
6   HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
7   Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
8   Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com
9

10  Attorneys for Plaintiff
TERESA ANN LUXFORD
11  and CARLOS H. PEREZ

12

13              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                      SAN JOSE DIVISION

15  TERESA ANN LUXFORD and CARLOS       Case No. C09 02809
H. PEREZ, on behalf of themselves and all
16  others similarly situated,          CLASS ACTION COMPLAINT

17                         Plaintiffs,  DEMAND FOR JURY TRIAL
        v.
18                                      15 United States Code § 1692 et seq.
RESURGENT CAPITAL SERVICES, LP,     California Civil Code § 1788 et seq.
19  a Delaware limited partnership, ALEGIS
GROUP, LLC, a Delaware limited liability
20  company, and LVNV FUNDING, LLC, a
Delaware limited liability company,
21
22                         Defendants.

23

24      Plaintiffs, TERESA ANN LUXFORD and CARLOS H. PEREZ (hereinafter "Plaintiffs"), based

25  on information and belief and investigation of counsel, except for those allegations which pertain to the

26  named Plaintiffs or their attorneys (which are alleged on personal knowledge), hereby make the

27  following allegations:

28

                                   - 1 -
                          CLASS ACTION COMPLAINT

1

## I. INTRODUCTION

2
3
1.     This is an action for statutory damages, attorney fees and costs brought by Plaintiffs
4
on behalf of themselves and all others similarly situated for Defendants' violations of the Fair Debt
5
Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt
6
Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit
7
debt collectors from engaging in abusive, deceptive and unfair practices.

8

## II. JURISDICTION

9
10
2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and
11
supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory
12
relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

13
3.     This action arises out of Defendants' violations of the Fair Debt Collection
14
Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

15

## III. VENUE

16
17
4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a
18
substantial part of the events or omissions giving rise to the claim occurred in this judicial district.
19
Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants
20
transact business in this judicial district and the violations of the FDCPA complained of occurred in this
21
judicial district.

22

## IV. INTRADISTRICT ASSIGNMENT

23
24
5.     This lawsuit should be assigned to the San Jose Division of this Court because a
25
substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara
26
County.

27
/ / /
28

---

- 2 -
CLASS ACTION COMPLAINT

## V. PARTIES

6.  Plaintiff, TERESA ANN LUXFORD (hereinafter "Ms. LUXFORD"), is a natural person residing in Santa Clara County, California. Ms. LUXFORD is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.  Plaintiff, CARLOS H. PEREZ (hereinafter "Mr. PEREZ"), is a natural person residing in Santa Clara County, California. Mr. PEREZ is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8.  Defendant, RESURGENT CAPITAL SERVICES, LP (hereinafter "RESURGENT"), is a Delaware limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. RESURGENT may be served as follows: Resurgent Capital Services, LP, c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Los Angeles, California 90017-3407. The principal business of RESURGENT is the collection of debts using the mails and telephone, and RESURGENT regularly attempts to collect debts alleged to be due another. RESURGENT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9.  Defendant, ALEGIS GROUP, LLC (hereinafter "ALEGIS"), is a Delaware limited liability company and the general partner of RESURGENT with its principal place of business located at: 15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. ALEGIS may be served as follows: Alegis Group, LLC, c/o The Corporation Trust Company, Agent for Service of Process, 1209 Orange Street, Wilmington, Delaware 19801-1120. The principal business of ALEGIS is the collection of debts using the mails and telephone, and ALEGIS regularly attempts to collect debts alleged to be due another. ALEGIS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

1  and Cal. Civil Code § 1788.2(c).

2      10.   Defendant, LVNV FUNDING, LLC (hereinafter "LVNV"), is a Delaware limited

3  liability company engaged in the business of collecting debts in this state with its principal place of

4  business located at:  15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768.  LVNV

5

6  may be served as follows: LVNV Funding, LLC, c/o The Corporation Trust Company, Agent for

7  Service of Process, 1209 Orange Street, Wilmington, Delaware 19801-1120.  The principal business of

8  LVNV is the collection of debts using the mails and telephone, and LVNV regularly attempts to collect

9  debts alleged to be due another.  LVNV is a "debt collector" within the meaning of 15 U.S.C. §

10  1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges, that

11

12  LVNV is liable for the acts of Defendants, RESURGENT and ALEGIS, because LVNV engaged

13  RESURGENT and ALEGIS to collect a consumer debt on its behalf and LVNV directed the unlawful

14  activities described herein.  See *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495

15  (D. N.M. 1994) and *Police v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

16      11.   At all times herein mentioned, each of the Defendants was an officer, director,

17

18  agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all

19  said times, each Defendant was acting in the full course and scope of said office, directorship, agency,

20  service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

21  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

22              **VI.  FACTUAL ALLEGATIONS**

23              **TERESA ANN LUXFORD**

24

25      12.   On a date or dates unknown to her, Ms. LUXFORD is alleged to have incurred a

26  financial obligation, namely a consumer credit account issued by GE Capital, and bearing the account

27  number XXXX-XXXX-XXXX-8011 (hereinafter "Ms. LUXFORD's alleged debt").  The alleged debt

28

- 4 -
CLASS ACTION COMPLAINT

was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term

is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §

1788.2(f).

13. Ms. LUXFORD is informed and believes, and thereon alleges that sometime

thereafter on a date unknown to her, the debt was sold, assigned, or otherwise transferred to LVNV

Funding, LLC.

14. Sometime thereafter on a date unknown to Ms. LUXFORD, the alleged debt was

consigned, placed or otherwise transferred to Defendants for collection from her.

15. Thereafter Defendants sent a collection letter (Exhibit "1") to Ms. LUXFORD

which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

1692a(2).

16. The collection letter (Exhibit "1") is dated June 26, 2008.

17. The collection letter (Exhibit "1") was the first written communication from

Defendants to Ms. LUXFORD in connection with the collection of the alleged debt.

**CARLOS H. PEREZ**

18. On a date or dates unknown to him, Mr. PEREZ is alleged to have incurred a

financial obligation, namely a consumer credit account issued by Sears, and bearing the account

number XXXX-XXXX-XXXX-7095 (hereinafter "Mr. PEREZ's alleged debt"). The alleged debt was

incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is

defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §

1788.2(f).

19. Mr. PEREZ is informed and believes, and thereon alleges that sometime thereafter

on a date unknown to him, the debt was sold, assigned, or otherwise transferred to LVNV Funding,

1  LLC.

2  20.   Sometime thereafter on a date unknown to Mr. PEREZ, the alleged debt was

3  consigned, placed or otherwise transferred to Defendants for collection from him.

4  21.   Thereafter Defendants sent a collection letter (Exhibit "2") to Mr. PEREZ which is

5

6  a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

7  22.   The collection letter (Exhibit "2") is dated July 2, 2008.

8  23.   The collection letter (Exhibit "2") was the first written communication from

9  Defendants to Mr. PEREZ in connection with the collection of the alleged debt.

10

11  **VII.  DEFENDANTS' PRACTICES**

12  24.   Defendants regularly sent or caused to be sent communications in the form of

13  Exhibit "1" and/or Exhibit "2" to California residents in an effort to collect consumer debts.

14  **VIII.  CLASS ALLEGATIONS**

15  25.   Plaintiffs bring this action on behalf of a class of all other persons similarly

16  situated.

17

18  26.   Plaintiffs tentatively define the class as (i) all persons who were sent at an address

19  in California, (ii) a letter from Defendants in the form of Exhibit "1" and/or Exhibit "2" (iii) regarding a

20  debt allegedly due GE Capital or Sears (iv) incurred for personal, family or household purposes (v)

21  which was not returned undelivered by the U.S. Post Office (vi) during the one year period before filing

22  this action through the date of certification.

23

24  27.   The class is so numerous that joinder of all members is impractical.   On

25  information and belief, collection letters in the form of Exhibit "1" and/or Exhibit "2" have been sent to

26  hundreds of California class members.

27  28.   There are questions of law and fact common to the class, which questions

28

1  predominate over any questions peculiar to individual class members. The common questions include:

2           a.    Whether Defendants are debt collectors;

3           b.    Whether Defendants misrepresented Plaintiffs' rights to dispute the debt and

4   obtain verification of the debt or judgment in violation of 15 U.S.C. §§ 1692g, 1692e and

5   1692e(10) and Cal. Civil Code § 1788.17;

6           c.    Whether Defendants failed to send Plaintiffs a written notice containing a

7   statement that unless the consumer, within thirty days after receipt of the notice, disputes the

8   validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt

9   collector, or in violation of 15 U.S.C. § 1692g(a)(3), and Cal. Civil Code § 1788.17;

10          d.    Whether Defendants failed to send Plaintiffs a written notice containing a

11  statement that if Plaintiff notifies Defendants in writing within the thirty-day period that the

12  debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and

13  that a copy of the verification would be mailed to Plaintiffs, in violation of 15 U.S.C. § 1692g(a)

14  (4) and Cal. Civil Code § 1788.17; and

15          e.    Whether Defendants failed to send Plaintiffs a written notice containing a

16  statement that upon Plaintiffs' written request, Defendants would provide Plaintiffs with the

17  name and address of the original creditor, if different from the current creditor, in violation of

18  15 U.S.C. § 1692g(a)(5) and Cal. Civil Code § 1788.17.

19          29.   There are no individual questions of law or fact, other than whether a class

20  member was sent the offending collection letter, which can be determined by ministerial inspection of

21  Defendants' records.

22          30.   Plaintiffs will fairly and adequately represent and protect the interest of the class

23  members. They are committed to vigorously litigating this matter. Plaintiffs have retained counsel

- 7 -
CLASS ACTION COMPLAINT

experienced in handling class claims and litigation brought pursuant to the FDCPA and RFDCPA. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.  Plaintiffs and their counsel will vigorously pursue this matter.

31.  Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

32.  A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the class members who received collection letters in the form of Exhibit "1" and/ or Exhibit "2" have no knowledge that their rights are being violated by illegal collection practices. The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000.  Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

33.  Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a.  The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.  Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

35.  Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

1

## IX.  CLASS CLAIMS

2

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants)

3

4          36.    On behalf of themselves and the class they seek to represent, Plaintiffs bring the

5    first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act

6    ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

7          37.    Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs as

8
9    though fully set forth herein.

10         38.    Plaintiffs are each a "consumer" as that term is defined by the FDCPA, 15 U.S.C.

11   § 1692a(3).

12         39.    Defendant, RESURGENT, is a "debt collector" as that term is defined by the

13
FDCPA, 15 U.S.C. § 1692a(6).
14

15         40.    Defendant, ALEGIS, is a "debt collector" as that term is defined by the FDCPA,

16   15 U.S.C. § 1692a(6).

17         41.    Defendant, LVNV, is a "debt collector" as that term is defined by the FDCPA, 15

18   U.S.C. § 1692a(6).

19         42.    The financial obligations originally owed to GE Capital and Sears by Plaintiffs are

20
"debt[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).
21

22         43.    Defendants have violated the FDCPA in the following respects:

23              a.    Defendants misrepresented Plaintiffs' right to dispute the debt, in violation

24   of 15 U.S.C. §§ 1692e and 1692e(10);

25              b.    Defendants misrepresented Plaintiffs' right to obtain a copy of the debt

26   verification or judgment against them, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

27
28              c.    Defendants misrepresented Plaintiffs' right to obtain the name and address

1  of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§

2  1692e and 1692e(10);

3             d.    Defendants failed to send Plaintiffs a written notice containing a statement

4  that unless the consumer, within thirty days after receipt of the notice, disputes the validity of

5  the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, or in

6

7  violation of 15 U.S.C. § 1692g(a)(3);

8             e.    Defendants failed to send Plaintiffs a written notice containing a statement

9  that if Plaintiffs notify Defendants in writing within the thirty-day period that the debt, or any

10  portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of

11  the verification would be mailed to Plaintiffs, in violation of 15 U.S.C. § 1692g(a)(4); and

12

13             f.    Defendants failed to send Plaintiffs a written notice containing a statement

14  that upon Plaintiffs written request, Defendants would provide Plaintiffs with the name and

15  address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §

16  1692g(a)(5).

17

18                    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

19             44.    On behalf of themselves and the class they seek to represent, Plaintiffs bring the

20  second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act

21  ("RFDCPA"), California Civil Code §§ 1788-1788.33.

22             45.    Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs as

23  though fully set forth herein.

24

25             46.    Plaintiffs are each a "debtor" as that term is defined by the RFDCPA, Cal. Civil

26  Code § 1788.2(h).

27             47.    Defendant, RESURGENT, is a "debt collector" as that term is defined by the

28

1    RFDCPA, Cal. Civil Code § 1788.2(c).

2         48.    Defendant, ALEGIS, is a "debt collector" as that term is defined by the RFDCPA,

3    Cal. Civil Code § 1788.2(c).

4         49.    Defendant, LVNV, is a "debt collector" as that term is defined by the RFDCPA,

5
6    Cal. Civil Code § 1788.2(c).

7         50.    The financial obligations originally owed to GE Capital and Sears by Plaintiffs are

8    "consumer debt[s]" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

9         51.    Defendants have violated the RFDCPA.   The violations include, but are not

10   limited to, the following:
11
12         a.    Defendants misrepresented Plaintiffs' right to dispute the debt, in violation

13   of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

14         b.    Defendants misrepresented Plaintiffs' right to obtain a copy of the debt

15   verification or judgment against them, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as

16   incorporated by Cal. Civil Code § 1788.17;
17
18         c.    Defendants misrepresented Plaintiffs' right to obtain the name and address

19   of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§

20   1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

21         d.    Defendants failed to send Plaintiffs a written notice containing a statement

22   that unless the consumer, within thirty days after receipt of the notice, disputes the validity of

23
24   the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, or in

25   violation of 15 U.S.C. § 1692g(a)(3), as incorporated by Cal. Civil Code § 1788.17;

26         e.    Defendants failed to send Plaintiffs a written notice containing a statement

27   that if Plaintiffs notify Defendants in writing within the thirty-day period that the debt, or any

28

1    portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of

2    the verification would be mailed to Plaintiffs, in violation of 15 U.S.C. § 1692g(a)(4), as

3    incorporated by Cal. Civil Code § 1788.17; and

4

5          f.    Defendants failed to send Plaintiffs a written notice containing a statement

6    that upon Plaintiffs' written request, Defendants would provide Plaintiffs with the name and

7    address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §

8    1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

9       52.    Defendants' acts as described above were done willfully and knowingly with the

10   purpose of coercing Plaintiffs to pay the alleged debts, within the meaning of Cal. Civil Code §

11

12   1788.30(b).

13       53.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

14   are intended to be cumulative and in addition to any other procedures, rights or remedies that the

15   Plaintiffs may have under any other provision of law.

16

## X. REQUEST FOR RELIEF

17

18   Plaintiff requests that this Court:

19          a.    Assume jurisdiction in this proceeding;

20          b.    Certify this litigation to proceed as a class action;

21          c.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15

22   U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

23

24          d.    Declare that Defendants violated the Rosenthal Fair Debt Collection

25   Practices Act, Cal. Civil Code §1788.17;

26          e.    Award Plaintiffs and the class members statutory damages in pursuant to 15

27   U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

28

1          f.    Award Plaintiffs the costs of this action and reasonable attorneys fees

2  pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.17; and

3

4          g.    Award Plaintiffs such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiffs
TERESA ANN LUXFORD
and CARLOS H. PEREZ

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, TERESA ANN LUXFORD and CARLOS H. PEREZ, hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**RESURGENT CAPITAL SERVICES, LP**
**1-866-464-1187**
**Fax: 1-866-467-0163**
Hours of Operation
8AM-6PM EST Monday - Thursday
8AM-5PM EST Friday

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

||||||||||||||||||
323507869

PREVIOUS CREDITOR: GE Capital
CURRENT CREDITOR: LVNV Funding LLC
ACCOUNT NUMBER: 6008898337078011
BALANCE: $2,417.03

06-26-08

VALVOD-CS-1                    *A-T1M-AM-00928
ᴵᵖᵍᵖᵖᴵᴵᴵᵖᵖᵖᵖᵖᴵᴵᵖᵖᵖᵖᴵᴵᴵᵖᵖᴵᴵ
TERESA LUXFORD
745 S BERNARDO AVE APT 1
SUNNYVALE CA 94087-1051

7

RESURGENT CAPITAL SERVICES, LP
PO BOX 10497
GREENVILLE SC 29603-0497

ᴵᵖᴵᴵᴵᴵᵖᴵᴵᵖᴵᴵᵖᴵᴵᴵᵖᴵᴵᴵᴵᴵᵖᴵᴵᴵᴵᵖᴵᴵᴵᴵᴵᴵᴵ

---

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment.*

---

Dear Teresa Luxford:

This account has been placed with Resurgent Capital Services, LP.

Enclosed please find an original validation of debt that verifies the debt.

If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services, LP

*This communication is sent to you by Resurgent Capital Services, LP, a professional debt collector.*

## INFORMATION CONCERNING YOUR LEGAL RIGHTS

As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your obligation.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

"Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al numero 1-888-665-0374."

The following is a Spanish translation of the information previously provided.

"Como es requerido por la ley usted esta siendo notificado por este medio que un reporte de crédito negativo afectando su reporte de crédito puede ser remitido a una agencia de reporte de créditos, si usted no puede satisfacer los términos de su obligación."

"El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben o tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov"

EXHIBIT
1

**Validation of Debt**
**June 26, 2008**
**Teresa Luxford**

Account number 6008898337078011 for Teresa Luxford acquired from GE Capital is now owned by LVNV Funding LLC.

At the time the account was acquired from GE Capital, GE Capital advised that the balance owing was $2,342.78. Since that time, additional interest, fees, payments, credits, and offsets, if applicable, have been allowed, for a current balance of $2,417.03*.

*Please note that any additional interest, fees, payments, credits, and offsets made within the past 30 days may not be reflected in the above mentioned current balance.

SEE NEXT PAGE FOR IMPORTANT PRIVACY NOTIFICATION FROM YOUR CREDITOR

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition Limited Partnership | Resurgent Capital Services L.P. | Anson Street LLC |
| Sherman Acquisition II Limited Partnership | Resurgent Capital Services PR LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | LVNV Funding, LLC | Credit One Bank, N.A. |
| Sherman Acquisition TA LP | Ascent Card Services, LLC | SFG REO, LLC |
| | Ascent Card Services II LLC | PYOD LLC |

**Information we may collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

### Sharing Collected Information with affiliates and third parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

### Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.

This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

061008

**RESURGENT CAPITAL SERVICES, LP**
**1-866-464-1187**
**Fax: 1-866-467-0163**
Hours of Operation
8AM-6PM EST Monday - Thursday
8AM-5PM EST Friday

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

||||||||||||||||||||||||||||
324829276

PREVIOUS CREDITOR: Sears
CURRENT CREDITOR: LVNV Funding LLC
ACCOUNT NUMBER: 5121079740037095
BALANCE: $1,634.59

07-02-08

VALVOD-CS-1                    *A-XMU-AM-00519

CARLOS H PEREZ
551 LOUMENA LN
SAN JOSE CA 95111-2246                         5

RESURGENT CAPITAL SERVICES, LP
PO BOX 10497
GREENVILLE SC 29603-0497

---

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment.*

Dear Carlos H Perez:

This account has been placed with Resurgent Capital Services, LP.

Enclosed please find an original validation of debt that verifies the debt.

If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services, LP

---

*This communication is sent to you by Resurgent Capital Services, LP, a professional debt collector.*

### INFORMATION CONCERNING YOUR LEGAL RIGHTS

As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your obligation.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

"Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al numero 1-888-665-0374."

The following is a Spanish translation of the information previously provided.

"Como es requerido por la ley usted esta siendo notificado por este medio que un reporte de crédito negativo afectando su reporte de crédito puede ser remitido a una agencia de reporte de créditos, si usted no puede satisfacer los términos de su obligación."

"El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no  podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben o tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar  Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov"

**EXHIBIT**
**2**

**Validation of Debt**
**July 2, 2008**
**Carlos H Perez**

Account number 5121079740037095 for Carlos H Perez acquired from Sears is now owned by LVNV Funding LLC.

At the time the account was acquired from Sears, Sears advised that the balance owing was $1,634.59. Since that time, additional interest, fees, payments, credits, and offsets, if applicable, have been allowed, for a current balance of $1,634.59*.

*Please note that any additional interest, fees, payments, credits, and offsets made within the past 30 days may not be reflected in the above mentioned current balance.

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

Sherman Acquisition Limited Partnership
Sherman Acquisition II Limited Partnership
Sherman Acquisition L.L.C.
Sherman Acquisition TA LP

Resurgent Capital Services L.P.
Resurgent Capital Services PR LLC
LVNV Funding, LLC
Ascent Card Services, LLC
Ascent Card Services II LLC

Anson Street LLC
Ashley Funding Services LLC
Credit One Bank, N.A.
SFG REO, LLC
PYOD LLC

**Information we may collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history;  (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings.  All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account.  We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

## Sharing Collected Information with affiliates and third parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law.  For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

## Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.

This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally.  However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

061008