Abraham J. Colman (SBN 146933)
Jordan Yu (SBN 227341)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080
Email: acolman@reedsmith.com
jsyu@reedsmith.com

Attorneys for Defendants
Resurgent Capital Services, L.P., Alegis Group,
LLC, and LVNV Funding, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERESA ANN LUXFORD and CARLOS H. PEREZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RESURGENT CAPITAL SERVICES, LP, a Delaware limited partnership, ALEGIS GROUP, LLC, a Delaware limited liability company, and LVNV FUNDING, LLC, a Delaware limited liability company, <br><br> Defendants. | No.: C-09-02809 <br><br> **DEFENDANTS RESURGENT CAPITAL SERVICES, LP, ALEGIS GROUP, LLC, AND LVNV FUNDING, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendants Resurgent Capital Services, L.P., Alegis Group, LLC, and LVNV Funding, LLC (collectively "Defendants"), for themselves and for no other party, hereby answer Plaintiffs Teresa Ann Luxford ("Luxford") and Carlos H. Perez's ("Perez") (collectively "Plaintiffs") Complaint ("Complaint"), responding to the correspondingly numbered paragraphs thereof as follows:

## I.  INTRODUCTION

1. Defendants admit that Plaintiffs' Complaint seeks statutory damages, attorneys' fees and costs on behalf of themselves and a class for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal. Civ. Code § 1788 *et seq.* Defendants deny that they violated any provision of the FDCPA or RFDCPA, and further deny that class treatment is appropriate for this action.

## II.  JURISDICTION

2. Defendants state that this paragraph contains legal conclusions to which no response is required. Defendants deny that this action is appropriate for declaratory relief.

3. Defendants admit that Plaintiffs are alleging a violation of the FDCPA. Defendants deny that they violated any provision of the FDCPA.

## III.  VENUE

4. Defendants state that this paragraph contains legal conclusions to which no response is required. Further, Defendants deny that they violated any provision of the FDCPA. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

## IV. INTRADISTRICT ASSIGNMENT

5. Defendants state that this paragraph contains legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

## V. PARTIES

6. Defendants admit, on information and belief, that Luxford is a natural person residing in Santa Clara County, California. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

7. Defendants admit, on information and belief, that Perez is a natural person residing in Santa Clara County, California. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

8. Defendants admit that Resurgent Capital Services, L.P. is a Delaware limited partnership with its principal place of business located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601, and that its registered agent for service is CT Corporation. Defendants further admit that Resurgent Capital Services, L.P. is a debt collector. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

9. Defendants admit that Alegis Group, LLC is a Delaware limited liability company and that its registered agent for service is The Corporation Trust Company. Defendants also admit that Alegis Group, LLC is the general partner of Resurgent Capital Services, L.P. and that its principal place of business is 15 South Main Street, Suite 600, Greenville, South Carolina 29601.

Defendants deny that Alegis Group, LLC is a debt collector engaged in the collection of debt. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

10. Defendants admit that LVNV Funding, LLC is a Delaware limited liability company and that its registered agent for service is The Corporation Trust Company. Defendants deny that LVNV's principal place of business is 15 South Main Street, Suite 600, Grenville, South Carolina 29601. Defendants deny that LVNV Funding, LLC is a debt collector engaged in the collection of debt. Defendants further deny that LVNV Funding, LLC directed any unlawful activity of any other party, and deny that LVNV Funding, LLC is liable for the acts of any other party. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

## VI.  FACTUAL ALLEGATIONS

### TERESA ANN LUXFORD

12. Defendants admit that Luxford incurred a financial obligation on a credit account ending in account number 8011. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

13. Defendants admit that Luxford's credit account was sold to LVNV Funding, LLC. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

14. Defendants admit that Luxford's credit account was placed with Resurgent Capital Services, L.P. for collections. Except as stated, Defendants deny these allegations.

15. Defendants admit that Resurgent Capital Services, L.P. sent Luxford the letter attached as Exhibit 1 to the Complaint. Except as stated, Defendants deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

16. Defendants admit that the letter attached as Exhibit 1 to the Complaint is dated June 26, 2008. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

**CARLOS H. PEREZ**

18. Defendants admit that Perez incurred a financial obligation on a credit account ending in account number 7095. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

19. Defendants admit that Perez's credit account was sold to LVNV Funding, LLC. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

20. Defendants admit that Perez's credit account was placed with Resurgent Capital Services, L.P. for collections. Except as stated, Defendants deny these allegations.

21. Defendants admit that Resurgent Capital Services, L.P. sent Perez the letter attached as Exhibit 2 to the Complaint. Except as stated, Defendants deny these allegations. Further, this paragraph contains legal conclusions to which no response is required.

22. Defendants admit that the letter attached as Exhibit 2 to the Complaint is dated July 2, 2008. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

### VII. DEFENDANTS' PRACTICES

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

### VIII. CLASS ALLEGATIONS

25. Defendants admit that Plaintiffs' Complaint is brought on behalf of a putative class. Defendants deny that class treatment is appropriate for this case.

26. Defendants deny that class treatment is appropriate for this case. Further, Defendants deny that the purported class definition is proper.

27. Defendants deny that the putative class is so numerous that joinder of all members is impracticable. Except as stated, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

28. Answering this paragraph and all its subparts, Defendants deny these allegations.

29. Defendants deny these allegations.

30. Defendants deny these allegations.

31. Defendants deny these allegations.

32. Defendants deny these allegations.

33. Answering this paragraph and all its subparts, Defendants deny these allegations.

34. Defendants deny these allegations.

35. Defendants deny that class treatment is appropriate for this action.

## IX.  CLASS CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**
**(Against All Defendants)**

36. Defendants admit that Plaintiffs are alleging a claim under the FDCPA. Defendants deny violating any provision of the FDCPA.

37. Defendants incorporate by reference all responses to the preceding paragraphs as though fully set forth herein.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations. Further, this paragraph consists of legal conclusions to which no response is required.

39. Defendants admit these allegations.

40. Defendants deny these allegations. Further, this paragraph consists of legal conclusions to which no response is required.

41. Defendants deny these allegations. Further, this paragraph consists of legal conclusions to which no response is required.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

43. Answering this paragraph and all its subparts, Defendants deny these allegations.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Defendants admit that Plaintiffs are alleging a claim under the RFDCPA. Defendants deny violating any provision of the RFDCPA.

45. Defendants incorporate by reference all responses to the preceding paragraphs as though fully set forth herein.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

47. Defendants admit these allegations.

48. Defendants deny these allegations. Further, this paragraph consists of legal conclusions to which no response is required.

49. Defendants deny these allegations. Further, this paragraph consists of legal conclusions to which no response is required.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis deny these allegations.

51. Answering this paragraph and all its subparts, Defendants deny these allegations.

52. Defendants deny these allegations.

53. Defendants deny these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiffs fail to allege sufficient facts to state any claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. Plaintiffs' claims are barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

3. Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Innocent Mistake/Bona Fide Error)

5. Any alleged acts or omissions of Defendants giving rise to Plaintiffs' claims, if any, are the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendants to avoid any such acts or omissions. Defendants at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## SIXTH AFFIRMATIVE DEFENSE
### (Remedial Measures)

6. Any alleged acts or omissions of Defendants giving rise to Plaintiffs' claims, if any, were corrected upon discovery. *See* Cal. Civ. Code Section 1788.30(d).

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

7. Plaintiffs have waived any and all claims, rights and demands made by them in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Contribution)

8. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

9. Defendants specifically deny that they acted with any willfulness, oppression, fraud or malice towards Plaintiffs or others.

## TENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

10. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE
(Fault of Others)

11. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE
(Intervening Acts)

12. If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Several Liability)

13. Should Plaintiffs prevail against Defendants, Defendants' liability is several and limited to their own actionable segment of fault, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Choice of Law)

14. Defendants expressly reserve any defenses that may be available to them under any applicable laws of other jurisdictions, in accordance with federal choice of law rules.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Punitive Damages)

15. Plaintiffs' demand for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Arbitration)

16. Defendants reserve their right to compel arbitration.

17. Defendants have insufficient knowledge or information as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to

1 assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint;
2. That the Complaint be dismissed with prejudice;
3. For their costs of suit herein;
4. For attorneys' fees according to proof; and
5. For such other and further relief as this Court may deem just and proper.

DATED: August 11, 2009.

REED SMITH LLP

By /s/
Jordan Yu
Attorneys for Defendants
Resurgent Capital Services, L.P., Alegis Group, LLC, and LVNV Funding, LLC

## DEMAND FOR JURY TRIAL

Defendants respectfully requests a trial by jury on all causes of action and issues on which it is entitled to a jury trial.

DATED: August 11, 2009.

REED SMITH LLP

By /s/
Jordan Yu
Attorneys for Defendants
Resurgent Capital Services, L.P., Alegis Group, LLC, and LVNV Funding, LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On August 11, 2009, I served the following document(s) by the method indicated below: ***DEFENDANTS RESURGENT CAPITAL SERVICES, L.P., ALEGIS GROUP, LLC, AND LVNV FUNDING, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL***

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cand.uscourts.gov

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 11, 2009, at Los Angeles, California.

/s/ *Griselda Munoz*
Griselda Munoz

- 1 -

**SERVICE LIST**
*Luxford, et al. v. Resurgent Capital Services, LP, et al.*
Case No. 09-cv-02809-JF

| | |
|---|---|
| Fred W. Schwinn<br>CONSUMER LAW CENTER, INC.<br>12 South First Street, Suite 1014<br>San Jose, CA 95113-2418<br>T: 408-294-6100<br>F: 408-294-6190<br>fred.schwinn@sjconsumerlaw.com | Attorneys for Plaintiffs<br>*Teresa Ann Luxford and Carlos H. Perez* |
| O. Randolph Bragg<br>Craig M. Shapiro<br>HORWITZ, HORWITZ & ASSOCIATES, LTD.<br>25 East Washington St., Suite 900<br>Chicago, Il 60602-1716<br>T: 312-372-8822<br>F: 312-372-1673<br>rand@horwitzlaw.com | Attorneys for Plaintiffs<br>*Teresa Ann Luxford and Carlos H. Perez* |

US_ACTIVE-102014996.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware