**E-Filed 04/22/11**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA A. LUXFORD and CARLOS H. PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP; ALEGIS GROUP, LLC; and LVNV FUNDING LLC,<br><br>Defendants. | Case Number 5:09-CV-02809 JF (HRL)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>[Re: Docket No. 38] |

Plaintiffs Teresa A. Luxford and Carlos H. Perez brought the instant action against Defendants Resurgent Capital Services ("Resurgent"), Alegis Group, LLC ("Alegis"), and LVNV Funding LLC ("LVNV") for alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33. The parties move jointly for leave to file a First Amended Complaint, certification of a settlement class, appointment of class counsel and class representatives, preliminary approval of their proposed settlement, and approval of their proposed plan to provide notice to the class.

On March 25, 2011, the Court requested that the parties submit additional information

regarding the qualifications of Plaintiffs' counsel, the basis for the proposed incentive awards to the named Plaintiffs, Resurgent's finances, and responsibility for costs of administration. The parties have complied with the Court's request.

Upon review and consideration of the parties' joint motion, their proposed settlement agreement, and the additional information provided by the parties, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. The proposed settlement agreement, including its exhibits, is preliminarily approved as fair, reasonable, and adequate.

2. Plaintiffs shall have leave to file a First Amended Complaint in the form attached to the parties' joint motion as Exhibit B. The First Amended Complaint is deemed filed as of the date of this order.

3. For settlement purposes only, the Court conditionally certifies the following class: (i) all persons who were sent at an address in California, (ii) a letter from Defendants in the form of "Exhibit 1" or "Exhibit 2," (iii) regarding a debt incurred for personal, family, or household purposes, (iv) which was not returned undelivered by the U.S. Postal Service, (v) during the one year period before the filing of this action through the date of certification.

4. The Court conditionally finds, for settlement purposes only, that the instant action satisfies the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

5. The Court appoints Teresa A. Luxford and Carlos H. Perez as class representatives, and O. Randolph Bragg and Fred W. Schwinn as class counsel.

6. The Court appoints Rosenthal & Company LLC as the claims administrator. Defendants will bear all costs of administration.

7. A final hearing will be held on August 26, 2011 at 9:00 A.M. to determine whether the settlement is fair, reasonable, and adequate. Papers in support of final approval of the settlement must be filed on or before August 12, 2011. Pursuant to Rule 54(d)(2), documents supporting the proposed award of attorneys' fees, costs, and expenses must be filed with the Court within

2

1  fourteen (14) days of the order granting final approval to the settlement.  The final hearing may
2  be postponed, adjourned, or continued by order of the Court without further notice to the class.

3       8. On or before <u>May 22, 2011</u>, Defendants must complete dissemination to the class of
4  the notice of the settlement agreement and the final hearing.  The Court finds that the proposed
5  notice is the best practicable form of notice under the circumstances and is reasonably calculated
6  to appraise the class members of the pendency of this action, the terms of the settlement
7  agreement, and their right to object to the settlement or to exclude themselves from the class.

8       9. Class members who wish to participate in the action may do so by filing an appearance
9  by <u>July 22, 2011</u>.

10      10. Class members who wish to be excluded from the class must send a written request
11  for exclusion to the claims administrator.  The written exclusion must be received by the claims
12  administrator no later than <u>July 22, 2011</u>.

13      11. Class members who do not exclude themselves from the class may object to the
14  settlement by filing a Notice of Intention to Appear and Object by <u>July 22, 2011</u>.

15      12. Pending final approval of the settlement, no class member may commence any action
16  against any of the released parties in any court or tribunal based on the claims released in this
17  action.  This injunction will not apply to class members who timely excluded themselves from
18  the settlement class.

**IT IS SO ORDERED.**

DATED: 04/22/11

                                        JEREMY FOGEL
                                        United States District Judge

Case No. 5:09-CV-02809 JF (HRL)
ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT
(JFEX1)