Abraham J. Colman (SBN 146933)
Jordan Yu (SBN 227341)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone:   213.457.8000
Facsimile:   213.457.8080
Email: acolman@reedsmith.com
       jsyu@reedsmith.com

Attorneys for Defendants
Resurgent Capital Services, L.P., Alegis Group, LLC and LVNV Funding, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERESA ANN LUXFORD and CARLOS H. PEREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP, a Delaware limited partnership, ALEGIS GROUP, LLC, a Delaware limited liability company, and LVNV FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | No.: C-09-02809-PJH<br>ORDER GRANTING FINAL APPROVAL AND [~~PROPOSED~~] FINAL ORDER ENTERING JUDGMENT AND DISMISSAL WITH PREJUDICE |

## ORDER

Plaintiffs Teresa A. Luxford and Carlos H. Perez brought the instant action against Defendants Resurgent Capital Services, LP ("Resurgent"), Alegis Group, LLC ("Alegis") and LVNV Funding, LLC ("LVNV") for alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* On April 22, 2011, an Order Granting Preliminary Approval to Class Action Settlement was entered ("Preliminary Approval Order") which, among other things, conditionally certified a class as defined in the First Amended Complaint for settlement purposes only and directed notice of the Settlement to the Class. The parties now move jointly for final approval of their class action Settlement. Having reviewed all papers submitted on this matter, and good cause appearing, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.   For purposes of this Order, the Court adopts and incorporates the definitions set forth in the Settlement Agreement.

2.   The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all Class Members.

3.   The Court grants final certification to the Class for settlement purposes only and finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution for the maintenance of a class action have been satisfied in all respects.

4.   Notice of the Settlement was disseminated to the Class via first class mail to the approximately 1,464 Class Members as set forth in the Settlement Agreement and the Preliminary Approval Order. The notice fully informed the Class of their rights with respect to the Settlement Agreement, including the right to be excluded and to object to the Settlement Agreement and the proposed statutory damages and incentive awards to named Plaintiffs Teresa A. Luxford and Carlos H. Perez. The notice given to the Class in this action is the best practicable notice under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedures and the Due Process Clause of the United Stated Constitution.

5. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, Defendants have notified the appropriate state and federal officials of the Settlement. The Court has set aside more than 90 days to receive and consider any comment or objection by any government entity in response to the CAFA notices provided by Defendants.

6. The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable. Specifically, the legal and factual posture of this case and the fact that the Settlement was the result of arms' length negotiations between experienced counsel support this finding. No objections have been filed with the Court. Accordingly, the Settlement Agreement is hereby finally approved in all respects.

7. The following individuals filed a written request for exclusion and will be excluded from this action and from participating in the Settlement:

  (1) B. Buckalew

  (2) Y. Chang

8. Named Plaintiffs Teresa A. Luxford and Carlos H. Perez, each member of the Class, and each of the Releasing Persons are deemed to have, and by operation of this Order shall have, absolutely and unconditionally, released the Released Parties from each and every claim they have or may have against the Released Parties as set forth in the Settlement Agreement and are forever barred and enjoined from prosecuting any claim they have or many have against the Released Parties.

9. Named Plaintiffs Teresa A. Luxford and Carlos H. Perez, each member of the Class, and each of the Releasing Persons' claims are dismissed with prejudice as to the Released Parties.

10. Named Plaintiffs Teresa A. Luxford and Carlos H. Perez's individual claims against Alegis Group, LLC and LVNV Funding, LLC are hereby dismissed with prejudice.

11. Defendants shall pay for the cost of claims administration. Further, pursuant to the terms of the Settlement Agreement, and subject to the Court's approval, Defendants shall pay for Class Counsel's reasonable attorneys' fees, costs and expenses not to exceed $35,000.

12. The Court approves the Pro Bono Project of Santa Clarita, a 501(c)(3) non-profit, as the recipient of the *cy pres* award which shall consist of all monies remaining from the checks from the Settlement Fund which are not cashed within 90 days of the date of issuance.

~~13. Named Plaintiffs Teresa A. Luxford and Carlos H. Perez are awarded $2,000 each as an incentive payment for their services as class representatives in this action and as statutory damages under the FDCPA and RFDCPA, to be paid directly by Defendants.~~

13. ~~14.~~ The Court hereby retains exclusive and continuing jurisdiction over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of this Order.

Dated: 1/11/12



The Honorable Phyllis J. Hamilton
United States District Judge

IT IS SO ORDERED